IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                               )<br>           **Plaintiff,**                           )<br>                                                               )<br>vs.                                                          )           NO. CR 05-0972 RB<br>                                                               )<br>                                                               )<br>**JOSEPH MINNER HERNANDEZ,**   )<br>                                                               )<br>                                                               )<br>           **Defendant.**                         )  | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's (Mr. Hernandez') Motion to Reduce and/or Modification of Sentence, (Doc. 30), filed on April 26, 2010, based on the United States Sentencing Commission's amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. On April 30, 2010, the Federal Public Defender was appointed to represent Mr. Hernandez. On June 3, 2010, Plaintiff filed a response to the motion, stating that Mr. Hernandez was only entitled to a one-month reduction in his sentence. Counsel for Mr. Hernandez did not file a reply. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court finds that this motion must be **GRANTED IN PART**.

**I.     Background.**

On June 22, 2005, Mr. Hernandez pled guilty to a one-count Indictment, charging him with conspiracy to possess with intent to distribute 50 grams and more of crack cocaine. On January 19, 2006, Mr. Hernandez was sentenced to 121 months imprisonment, to be followed by five years of supervised release. The 121-month sentence was based on a total offense level of 29 and a criminal history category IV, resulting in a guideline range of 121 to 151 months. *See* Memorandum from

Sharla M. Koch, United States Probation Officer, to the Honorable Robert C. Brack, United States District Judge, dated May 18, 2010.  Currently, Mr. Hernandez' projected release date is June 28, 2014.  (Doc. 30-1.)

Mr. Hernandez requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 711 and 715 of the Sentencing Guidelines.  These amendments relate to Amendment 706, which "amended the Drug Quantity Table in U.S.S.G. § 2D 1.1(c) [to] provide[ ] a 2-level reduction in base offense levels for crack cocaine-related offenses." *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008) (citation omitted).  Amendments 711 and 715 apply the two-level reduction of Amendment 706 to offenses involving both crack cocaine and other controlled substances.  *See* U.S.S.G. App'x C Supp., Amend. 711 (Nov. 1, 2007); USSG App'x C Supp., Amend. 715 (May 1, 2008).  In that Mr. Hernandez' conviction involved only crack cocaine, Amendment 706, rather than Amendments 711 and 715, would apply herein.

**II.     Discussion.**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, ____ S.Ct.___, 2010 WL 2400109 *5 (2010) (quotation omitted).  "Section 3582(c)(2) establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and made retroactive pursuant to § 994(u)." *Dillon*, 2010 WL 2400109 *5.  Through Section 3582(c)(2), "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id*.

If Mr. Hernandez were entitled to the full benefit of the two-level reduction allowed by

Amendment 706, his guideline imprisonment range would be 100 to 125 months. *See* USPO Memorandum of May 18, 2010. However, his statutory mandatory minimum sentence was 120 months, which was one month less than the 121 months that he received. *See* 21 U.S.C. § 841(b)(1)(A). Although Amendment 706 would reduce the guidelines range applicable to Mr. Hernandez' sentence from 121 to 151 months to 100 to 125 months, the statutory mandatory minimum sentence of 120 months applies to his conviction.

"Relief under § 3582(c)(2) is not available to a defendant whose sentence was based on the statutory minimum and not on the sentencing guidelines." *United States v. Houston*, 353 Fed. Appx. 138, 139 (10th Cir. 2009) (unpublished). Notably, this court lacks authority to sentence Mr. Hernandez below the statutory minimum. *See United States v. Smartt*, 129 F.3d 539, 542-43 (10th Cir. 1997). Mr. Hernandez is thus ineligible for a reduction of his sentence below 120 months due to the applicability of the statutory mandatory minimum. However, the Court will grant Mr. Hernandez' request to reduce his sentence to the extent a reduction is authorized by law. For this reason, an AO 247-Order Regarding Motion to Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), will be issued in order to modify the sentence of imprisonment to 120 months.

Mr. Hernandez requests a reduction in his term of supervised release. Such a request is governed by 18 U.S.C. §3583(e)(1) and not by 18 U.S.C. § 3582(c)(2). *Compare* 18 U.S.C. §3583(e)(1) *with* 18 U.S.C. § 3582(c)(2). Section § 3583(e)(1) provides that a motion for reduction of supervised release may be filed "at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). In that Mr. Hernandez is still in prison, he is not eligible to apply for a reduction in his term of supervised release. If Mr. Hernandez wishes to request a reduction in his term of supervised release, he may file an appropriate motion after he completes one year of supervised release.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reduce and/or Modification of Sentence, (Doc. 30), filed on April 26, 2010, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that an AO 247-Order Regarding Motion to Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), will be issued in order to modify the sentence of imprisonment to 120 months.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**